# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1755V

| | |
|---|---|
| JUSTIN HARGETT,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: December 10, 2024 |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.*

*Emilie Williams, U.S. Department of Justice, Washington, DC, for Respondent.*

**FINDINGS OF FACT AND CONCLUSIONS OF LAW DISMISSING TABLE CLAIM**[1]

On December 1, 2022, Justin Hargett filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that as a result of his receipt of a flu vaccine on November 4, 2020, he suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU") in October 2023.

---

[1] Because this ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent filed his Rule 4(c) Report on October 11, 2024, setting forth objections to compensation in this case. ECF No. 29. In sum, Respondent asserts that Petitioner has failed to establish that he suffered the Table injury of SIRVA, because (a) the records do not indicate in which arm Petitioner received the vaccination; (b) the records reveal Petitioner's pain and reduced range of motion were not limited to his left shoulder; (c) the records indicate the existence of other conditions and abnormalities that would explain his condition; and (d) Petitioner has not demonstrated the onset of his symptoms occurred within the 48-hour period following vaccination prescribed by the Table. *Id.* at 9-10. Respondent also maintains that Petitioner cannot establish a Non-Table Injury based on the *Althen* factors.[3] *Id.* at 10-11.

On November 14, 2024, I conducted a Rule 5 conference in this matter and advised the parties that based upon my preliminary review of the records, a SIRVA claim was not likely tenable (although Petitioner may be able to establish an off-Table claim). ECF No. 31. I nevertheless encouraged the parties to determine if this claim could be informally resolved, since the matter would be allowed to continue as a causation-in-fact claim regardless of how the Table claim was resolved. *Id*. I also asked Petitioner to consider voluntarily dismissing the Table claim (and stated that if this occurred, I would immediately transfer the matter out of SPU). *Id.* Otherwise, I advised I would permit the parties to submit briefs regarding the issue of whether Petitioner had established a SIRVA Table claim. *Id*

On December 2, 2024, Petitioner filed a joint status report on behalf of the parties stating that the parties remained at an impasse in their informal discussions to resolve this case. ECF No. 32. Petitioner further stated that in follow-up to the Rule 5 Conference in this matter, he "agrees to the dismissal of his SIRVA Table claim and he intends to pursue an off-Table claim outside of the SPU" and requests reassignment for further proceedings. *Id.*

The criteria for establishing a Table SIRVA are as follows:

> Shoulder injury related to vaccine administration (SIRVA). SIRVA manifests as shoulder pain and limited range of motion occurring after the administration of a vaccine intended for intramuscular administration in the upper arm. These symptoms are thought to occur as a result of unintended

---

[3] To be successful on a causation-in-fact claim, petitioners must show preponderant evidence of "(1) a medical theory causally connecting the vaccination to the injury; (2) a logical sequence of cause and effect showing the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between the vaccination and the injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

injection of vaccine antigen or trauma from the needle into and around the underlying bursa of the shoulder resulting in an inflammatory reaction. SIRVA is caused by an injury to the musculoskeletal structures of the shoulder (e.g. tendons, ligaments, bursae, etc.). SIRVA is not a neurological injury and abnormalities on neurological examination or nerve conduction studies (NCS) and/or electromyographic (EMG) studies would not support SIRVA as a diagnosis (even if the condition causing the neurological abnormality is not known). A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:

(i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;
(ii) Pain occurs within the specified time-frame;
(iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and
(iv) No other condition or abnormality is present that would explain the patient's symptoms (*e.g.* NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).

42 C.F.R. § 100.3(c)(10).

As discussed at the Rule 5 Conference in this matter, although disputes about situs and onset might be resolved in Petitioner's favor, Respondent's other objections present a bigger hurdle. ECF No. 31. The record shows that Petitioner reported numerous symptoms occurring *outside* his left shoulder area - and which were not isolated, but rather intertwined with Petitioner's shoulder symptoms. Indeed, at Petitioner's first post-vaccination medical visit to urgent care (five days after vaccination) he reported "[l]eft upper chest pain *radiates*: left arm and neck." Ex. 3 at 20 (emphasis added). Many other records are consistent.[4]

Given the foregoing, Petitioner cannot demonstrate the third SIRVA QAI criteria. 42 C.F.R. § 100.3(c)(10)(iii) ("Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered."). Accordingly, dismissal of Petitioner's Table SIRVA claim is warranted, as consented to by Petitioner – and the matter may proceed outside of SPU as a causation-in-fact claim.

---

[4] Additionally, some of Petitioner's medical providers proposed that Petitioner was likely suffering from a cervical radiculopathy. *See* Ex. 3 at 73, 81.

**Accordingly, for the above stated reasons I find[5] that Petitioner has failed to demonstrate all Table requirements for SIRVA (42 C.F.R. § 100.3(c)(10)), and hereby dismiss Petitioner's Table SIRVA claim.** I will proceed with transferring Petitioner's case out of SPU and will randomly reassign the case to a special master to conduct further proceedings to establish whether Petitioner has demonstrated an off-Table case.

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] I make these findings after a complete review of the record, including all medical records, affidavits, and all other additional evidence and filings from the parties.